# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

BERNARD ROSE,

    Petitioner,

vs.

STATE OF IOWA,[1]

    Respondent.

No. C06-2074-LRR

ORDER

_____

    This matter is before the court following transfer from the United States District Court for the Southern District of Iowa. Such transfer occurred on October 17, 2006. The Clerk of Court filed the case in this district on October 20, 2006. Prior to the case being transferred or on October 10, 2006, the petitioner submitted a "request for removal," which the Clerk's Office construed as a 28 U.S.C. § 2254 action. Also before the court is the petitioner's October 25, 2006 application for appointment of counsel.

    The petitioner's "request for removal" does not comply with Local Rule 81.1(a). Further, it appears from the "request for removal" that the petitioner desires to remove a state post-conviction relief action to this court. *See Rose v. State*, Case No. PCCV005840

---

[1] The court notes that the petitioner brings this action against the "State of Iowa." 28 U.S.C. § 2243 makes clear that the proper respondent in a federal habeas corpus action is "the person having custody of the person detained." *See also* 28 U.S.C. § 2242 (stating application shall allege the name of the person who has custody over him); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Thus, the petitioner improperly named the "State of Iowa" as the respondent.

(Buchanan County Dist. Ct. 200_).[2]  Removal of a post-conviction relief action is inappropriate because the petitioner must first meet the exhaustion requirements of 28 U.S.C. § 2254(b)(1).  Stated differently, removal is not necessary because the petitioner must fully exhaust the remedies available to him (e.g. utilize the state direct appeal process or state post-conviction relief process) before he is able to file an application pursuant to 28 U.S.C. § 2254.  Accordingly, the petitioner's "request for removal" is denied and this action is remanded to the Iowa District Court in and for Buchanan County.  *See* 28 U.S.C. § 1441, et seq.

Having determined that it is appropriate to remand this action, the court deems it appropriate to deny as moot the petitioner's application for appointment of counsel.

**IT IS SO ORDERED**.

**DATED** this 26th day of October, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2] Iowa state court criminal and civil records may be accessed at the following address: www.judicial.state.ia.us/online_records/.  *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).